14-593-cv
*HLT Existing Franchise Holding LLC v. Worcester Hospitality Group, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>JOHN M. WALKER, JR.,
>GERARD E. LYNCH,
>>*Circuit Judges*.

————————————————————————

HLT EXISTING FRANCHISE HOLDING LLC,

>*Plaintiff – Counter-Defendant – Appellee*,

>v.                                    No. 14-593-cv

WORCESTER HOSPITALITY GROUP, LLC,

>*Defendant – Counter-Claimant – Appellant.*

————————————————————————

| | |
|---|---|
| For Plaintiff – Counter-Defendant – Appellee: | BENJAMIN B. REED (James C. Rubinger, *on the brief*), Plave Koch PLC, Reston, Virginia. |
| For Defendant – Counter-Claimant – Appellant: | GARDINER S. BARONE, Blustein, Shapiro, Rich & Barone, LLP, Goshen, New York. |

1

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Worcester Hospitality Group, LLC ("WHG") appeals from a May 20, 2014 amended final judgment of the district court (Engelmayer, *J.*), granting summary judgment in favor of Plaintiff-Appellee HLT Existing Franchise Holding LLC ("HLT") in HLT's action for declaratory judgment and money damages arising out of a contractual dispute relating to a hotel franchising agreement. On appeal, WHG argues that the district court erred in: (1) considering results from guest-satisfaction surveys when deciding whether HLT properly terminated the franchising agreement; (2) finding that HLT acted properly in terminating the franchising agreement because it did not act arbitrarily, irrationally, or in violation of its duties of good faith and fair dealing; and (3) permitting HLT to recover liquidated damages under the agreement. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review a district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks, alterations, and citations omitted). The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

First, WHG argues that the district court erred in considering results from guest-satisfaction surveys when deciding whether HLT properly terminated the franchising agreement.

2

Specifically, WHG contends that those survey results were improperly considered on HLT's motion for summary judgment because they were inadmissible hearsay statements and were not properly authenticated. On a motion for summary judgment, a district court's decision about whether to exclude evidence as hearsay is reviewed for abuse of discretion. *See Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013). A district court has broad discretion in choosing whether to admit evidence on summary judgment and abuses that discretion only "when it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and alterations omitted).

In this case, the district court concluded that the guests' survey responses were not hearsay statements, finding that the survey data were admitted not "to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(c)(2), but rather "solely for the purpose of determining what guests reported they thought about the Hotel," *HLT Existing Franchise Holding LLC v. Worcester Hospitality Grp. LLC*, 994 F. Supp. 2d 520, 535 (S.D.N.Y. 2014). We agree with the district court that the guests' survey responses were not hearsay, but reach that conclusion for slightly different reasons. *See, e.g.*, *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006) ("[W]e may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court . . . ."). We hold that the guests' survey responses were admissible because those responses were admitted solely for the purpose of showing their effect on HLT's decision to terminate the franchising agreement. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay."). In determining whether HLT acted

3

arbitrarily, irrationally, or in violation of the implied covenant of good faith and fair dealing, the existence of the guest survey reports that appear to reflect customer dissatisfaction is relevant because it supports HLT's contention that it acted on what it reasonably understood to be evidence of such dissatisfaction. The surveys were thus not admitted for the truth of what the customers actually thought, still less for the accuracy of their purported reactions; what matters is that the data existed and that HLT did not act in bad faith or irrationally in relying on it.

Our analysis on the admissibility of the survey data does not end there, however. The survey data were transmitted to HLT via a third-party survey administrator, Medallia, Inc. WHG therefore objects on both hearsay and authentication grounds to the admissibility of Medallia's transmission of the survey results to HLT. The district court failed to consider these issues below. Nevertheless, on the record before us, we can conclude that the survey data were properly admitted. First, assuming *arguendo* that Medallia's reports to HLT contained assertions, we find that those reports were properly considered as records of a regularly conducted activity. *See* Fed. R. Evid. 803(6). HLT established that Medallia regularly compiled guest survey scores at the time guests submitted those responses to the surveys. Because Medallia's reports recorded guest impressions in the course of regularly conducted activity and neither party disputes the trustworthiness of Medallia's records, it is immaterial that Medallia, and not HLT, compiled those reports. *See Saks Int'l, Inc. v. M/V "Export Champion*," 817 F.2d 1011, 1013 (2d Cir. 1987). Second, on the record before us, WHG has failed to draw into material dispute the authenticity of the survey results or their transmission from Medallia to HLT. HLT has offered evidence to establish the authenticity of the survey data, but WHG has not produced any

4

contradictory evidence. We therefore find that the district court did not err in considering the guest survey data.

Second, WHG contends that the district court erred in concluding that HLT acted properly in terminating the franchising agreement. WHG alleged that HLT acted arbitrarily, irrationally, or in violation of its duties of good faith and fair dealing when it exercised its discretion in conducting on-site inspections of WHG's hotel. Under New York law, a party to a contract who has discretion to review the acts of another is limited by the implied covenant of good faith and fair dealing. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 169 (2d Cir. 2004). HLT's implied promise included "any promises which a reasonable person" in WHG's position "would be justified in understanding were included." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995) (internal quotation marks omitted). "Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Id.* WHG bears the burden of showing a breach of this implied covenant. *See Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 98 (2d Cir. 2007).

We need not determine whether the district court erred in concluding that there was no genuine factual dispute about the arbitrariness or irrationality of the evaluations. That is because any dispute as to the arbitrariness or irrationality of the on-site inspections was rendered irrelevant because of HLT's independent basis for terminating the franchising agreement. Specifically, WHG failed the two evaluations that prompted HLT's termination decision because of failing scores on the guest surveys, and not because of failing scores on the on-site inspection. As such, even if HLT conducted portions of its on-site evaluations in an arbitrary or irrational

5

manner, those arbitrary or irrational actions did not cause the termination of the franchising agreement. Because HLT terminated the franchising agreement based on a contractually permitted, rational, and non-arbitrary factor—the poor guest survey scores—it did not breach the implied covenant of good faith and fair dealing or act arbitrarily or irrationally. *See Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 304 (1983) ("No obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship.").

Third, WHG argues that the district court erred in permitting HLT to recover liquidated damages under the agreement. The agreement permitted HLT to recover three years' worth of estimated future royalties if HLT terminated the agreement due to WHG's breach. Under New York law, "[a] contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 425 (1977). The burden rests with the party seeking to avoid the payment of damages. *See JMD Holding Corp. v. Cong. Fin. Corp.*, 4 N.Y.3d 373, 380 (2005). The question of whether the fee is enforceable "is a question of law, giving due consideration to the nature of the contract and the circumstances." *Id.* at 379. Additionally, the New York Court of Appeals has "cautioned generally against interfering with parties' agreements," *id.* at 380, and has noted that "the trend favors freedom of contract through the enforcement of stipulated damage provisions as long as they do not clearly disregard the principle of compensation," *id.* at 380–81 (internal quotation marks omitted).

Here, WHG argues that the district court erred in finding that the liquidated damages clause was permissible as a matter of law. Specifically, WHG contends that the district court

6

overlooked a declaration provided by Sunil Nayak, who claims, based on over twenty years of experience in the hotel industry, that a prototype Hampton Inn hotel can be constructed in less than a year. We find that the district court did not err in disregarding this declaration because the declaration does not address the question central to the liquidated damages inquiry in this case— that is, at the time of contract formation, how long did the parties reasonably anticipate that HLT would need to replace WHG as franchisee and to reopen a Hampton Inn hotel in the event that HLT terminated the contract? Nayak's declaration speaks only to how long it would take to *construct* a new Hampton Inn once a franchisee was already in place, which is a distinct issue. We therefore find that no reasonable juror could have inferred from Nayak's declaration how long the parties anticipated that it would take for HLT to replace WHG as franchisee and to reopen a Hampton Inn hotel. Accordingly, the district court did not err in granting summary judgment in HLT's favor on the issue of liquidated damages.

We have considered WHG's remaining arguments and find them to be without merit. For the reasons stated herein, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7